UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MANNY FILM LLC, | ) |
| Plaintiff, | ) Civil Case No. 6:15-cv-00376-PGB-TBS |
| v. | ) Judge Byron |
| JOHN DOE, subscriber assigned IP address 24.73.227.82, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO MODIFY THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA**

Manny Film LLF, ("Plaintiff"), by and through undersigned counsel, hereby requests this Court modify its Order granting Plaintiff's Motion for Leave to Serve a Third Party Subpoena by replacing the ISP name "Time Warner Cable" with the name "Bright House Networks, LLC," and states:

1. Plaintiff initiated this lawsuit against a John Doe Defendant for copyright infringement.

2. On April 3, 2015, Plaintiff filed a Motion for Leave to Serve a Third Party Subpoena on the John Doe Defendant's Internet Service Provider ("ISP") [CM/ECF 10] in order to obtain the identity of the John Doe Defendant.

3. As set forth in that Motion, without the John Doe Defendant's identity, Plaintiff can neither effectuate service nor proceed with this lawsuit.

4. On April 9, 2015, this Court granted Plaintiff's Motion, finding "Plaintiff has established good cause for proceeding with expedited discovery[.]" [CM/ECF 13], at p. 2.

1

5. The Court's Order also states, "Plaintiff may serve the ISP with a Rule 45 subpoena . . . Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to Defendant." [CM/ECF 13], at p. 2.

6. Plaintiff uses the geolocation technology Maxmind to determine the Defendant's ISP from the Defendant's IP Address.

7. In this case, Maxmind identified Defendant's ISP as Time Warner Cable. *See* Screen Shot of Maxmind Website, attached hereto as Exhibit "A."

8. Using this information, Plaintiff identified Time Warner Cable as Defendant's ISP in its Motion for Leave.

9. However, Time Warner Cable no longer operates in the Middle District of Florida. Rather, these IP Addresses that were once owned by Time Warner Cable are now managed by Bright House Networks.[1]

10. Time Warner Cable is closely related to Bright House Networks. Indeed, at one point, Bright House Networks was a subsidiary of Newhouse.[2] Under a partnership between Newhouse and Time Warner Cable, Time Warner Cable had an ownership interest in Bright House Networks and negotiated programming deals on behalf of Bright House Networks.[3]

---

[1] All systems now owned by Bright House Networks were once owned by Time Warner Entertainment-Advance/Newhouse Partnership. http://en.wikipedia.org/wiki/Bright_House_Networks

[2] Bright House has been negotiating a merger with Charter Communications. *See* Charter to Buy Bright House Cable, *Orlando Sentinel*, available at http://www.orlandosentinel.com/business/os-charter-to-buy-bright-house-cable-20150331-story.html; *see also* Exclusive: Bright House Networks plans to drop merger with Charter – sources, *Reuters*, available at http://www.reuters.com/article/2015/05/07/us-brighthousenetworks-m-a-charter-commu-idUSKBN0NS2HU20150507

[3] *See* TWC's Arrangement Adds Wrinkle to Comcast Merger Plan, *The Wall Street Journal*, available at http://www.wsj.com/articles/twc-arrangement-adds-wrinkle-to-comcast-deal-1408316427; *see also* Comcast-Time Warner Merger's Effect on Bright House is Unclear, *Tampa Bay Times*, available at, http://www.tampabay.com/news/business/comcast-time-warner-cable-deal-would-create-media-behemoth-but-how-could/2165510.

11. Because Time Warner Cable does not operate in the Middle District of Florida, Plaintiff sent its subpoena directly to Bright House Networks.

12. However, because this Court's Order states that the ISP is Time Warner Cable, Bright House Networks will not respond to Plaintiff's subpoena. *See* Bright House Letter, attached hereto as Exhibit "B."

13. Plaintiff explained to Bright House Networks that this Court's Order also states, "Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet services to Doe Defendant." [CM/ECF 9], at p. 4-5

14. However, Bright House Networks is insistent that it will not comply with the subpoena unless this Court's Order is revised. *See* Exhibit B.

15. Further, Bright House Networks also claims that it received a copy of a "Motion to Quash/Motion for a Protective Order/Formal Objection" from an attorney named Edward H. Beazley, Jr. *See* Bright House Motion to Quash Letter, attached hereto as Exhibit "C." Undersigned has not received a copy of any Motion to Quash, nor has any Motion to Quash been filed with this Court. *See generally* Docket.

16. Upon information and belief, Attorney Breasley is the attorney who contacted Bright House Networks and advised Bright House Networks not to respond to Plaintiff's subpoena. Undersigned spoke with Mr. Breazley and he would neither confirm nor deny that he represents the subscriber in this matter. Accordingly, out of an abundance of caution, Plaintiff has included Mr. Beazley in the Certificate of Service in this filing.

17. Accordingly, Plaintiff respectfully requests that this Court modify its Order to identify the Defendant's ISP as Bright House Networks, LLC and direct Bright House to respond to the subpoena.

18. Without the Defendant's identifying information from Bright House Networks, Plaintiff can neither serve Defendant nor proceed with this case.

WHEREFORE, Plaintiff respectfully requests this Court modify its Order granting Plaintiff's Motion for Leave to Serve a Third Party Subpoena by replacing the ISP name "Time Warner Cable" with the name "Bright House Networks, LLC" and direct Bright House Networks to respond to the subpoena.

DATED: May 15, 2015

Respectfully submitted,

/s/ David F. Tamaroff
**DAVID F. TAMAROFF**
Fla. Bar No. 92084
david@tamarofflaw.com
**DANIEL F. TAMAROFF**
Fla. Bar No. 92083
dan@tamarofflaw.com
**TAMAROFF & TAMAROFF, P.A.**
169 East Flagler Street, Suite 1633
Miami, Florida 33131
Tel:   (305)   350-7440
Fax:   (305)   350-7441
admin@tamarofflaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *David F. Tamaroff*

## SERVICE LIST
U.S. District Court
Middle District of Florida
Civil Case No. 6:15-cv-00376-PGB-TBS

1. Plaintiff has not received verification of Defendant's name and address from Defendant's ISP.  In the abundance of caution, Plaintiff is forwarding this Motion to Mr. Edward H. Beazley, Jr., Esq. *via* Email: Beazley@beazleylaw.com & *via* first class mail: Edward H. Beasley, Jr. P.A.; 221 North Causeway; New Smyrna Beach, FL 32169.